# <u>EXHIBIT A</u>

Electronically Filed - Jackson - Kansas City - August 10, 2018 - 02:08 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY
AT KANSAS CITY**

| | | |
|---|---|---|
| **JAMES LOVVORN**, | ) | |
| On behalf of himself and all others | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: _____ |
| | ) | |
| v. | ) | |
| | ) | |
| **RYDER INTEGRATED LOGISTICS,** | ) | |
| **INC.** | ) | REQUEST FOR JURY TRIAL |
| *Registered Agent:* | ) | |
| Corporate Creations Network Inc., | ) | |
| 12747 Olive Blvd. #300 | ) | |
| Saint Louis, MO 63141 | ) | |
| | ) | |
| Defendant. | ) | |

<u>**PETITION FOR DAMAGES**</u>

COMES NOW, Plaintiff James Lovvorn, by and through his attorney, on behalf of himself

and the class set forth below, and for his cause of action against Defendant Ryder Integrated

Logistics, Inc. states and alleges as follows:

<u>**PRELIMINARY STATEMENT**</u>

1. This is a cause of action arising under the Fair Credit Reporting Act, 15 U.S.C. § 1681

   ("FCRA").

2. Plaintiff brings this action against Defendant for unlawfully obtaining consumer reports in

   connection with prospective employees' applications for employment.

3. Defendant's practice is to run background checks ("consumer reports") without providing

   the proper disclosure to prospective employees and without obtaining the requisite consent

   from prospective employees who apply online for employment with Defendant.

4. Defendant's practice is to refuse to hire prospective employees based on the contents of a

   consumer report without properly providing said employees with a copy of the consumer

Electronically Filed - Jackson - Kansas City - August 10, 2018 - 02:08 PM

report, a written description of rights afforded by the FCRA, and a reasonable period for employees to challenge any inaccuracy in the consumer report.

5. At all times herein, in connection with prospective employees' online applications for employment, Defendant was required to provide oral, written, or electronic notice that a consumer report may be obtained for employment purposes, and a summary of the prospective employees' rights under 15 U.S.C. § 1681m(a)(3).

6. At all times herein, in connection with prospective employees' online applications for employment, Defendant was required to obtain prospective employees' consent to the procurement of the consumer report by Defendant.

7. At all times herein, prior to taking adverse action against a prospective employee based on the contents of a consumer report, Defendant was required to provide said employees with a copy of the consumer report, a written description of rights afforded by the FCRA, and a reasonable period for employees to challenge any inaccuracy in the consumer report.

8. Based on Defendant's violations of the FCRA, as described above, Plaintiff asserts FCRA claims on behalf of himself and all other individuals whose rights under the FCRA were violated as may be revealed during this proceeding.

9. On behalf of himself and the putative class, Plaintiff seeks statutory damages, punitive damages, costs and attorneys' fees, and all other relief available pursuant to the FCRA.

### Parties and Jurisdiction

10. Plaintiff James Lovvorn ("Plaintiff") is a citizen of the State of Missouri, currently residing in Gladstone, Clay County, Missouri.

11. Defendant Ryder Integrated Logistics, Inc. ("Ryder") is and was at all relevant times a Florida corporation conducting substantial and continuous business in the state of Missouri.

Electronically Filed - Jackson - Kansas City - August 10, 2018 - 02:08 PM

12. At all times relevant, Defendant Ryder operated a place of business at 3320 Manchester Trafficway, Kansas City, Jackson County, Missouri 64129.

13. This court has jurisdiction over the parties and subject matter of this action.

14. Venue is proper in Jackson County, Missouri pursuant to MO. REV. STAT. §§ 508.010 because Plaintiff was first injured in Jackson County, Missouri.

15. Venue is specifically proper in Kansas City, Jackson County, Missouri pursuant to MO. REV. STAT. § 478.461.

### Additional Factual Allegations

16. In November 2016, Plaintiff applied online for a job with Defendant.

17. The position for which Plaintiff applied was Diesel Mechanic.

18. After Plaintiff submitted his application, Defendant contacted him and scheduled an interview for the position.

19. In November 2016, Plaintiff interviewed with Defendant at Defendant's location at 3320 Manchester Trafficway, Kansas City, Jackson County, Missouri 64129.

20. In connection with Plaintiff's application for employment, Defendant procured a background check ("consumer report") from HireRight, LLC.

21. Defendant did not provide Plaintiff with sufficient notice that it intended to obtain a consumer report on Plaintiff.

22. Plaintiff never consented orally, in writing, or electronically for Defendant obtain a consumer report on him.

23. Defendant failed to provide to Plaintiff a summary of Plaintiff's consumer's rights.

24. In May 2017, Defendant contacted Plaintiff and notified him that due to the contents of his consumer report, Defendant was not going to extend an offer of employment to Defendant.

Electronically Filed - Jackson - Kansas City - August 10, 2018 - 02:08 PM

25. Defendant did not provide Plaintiff with a copy of his consumer report.

26. Plaintiff was not provided with a reasonable amount of time to challenge any inaccuracy that may have been present within the consumer report.

27. Defendant is aware of the FCRA.

28. Defendant has knowledge that it must comply with the FCRA.

29. Defendant is required to obtain all consumer reports for employment purposes in accordance with the FCRA.

30. Defendant routinely obtains and uses information in consumer reports (as a "consumer report" is defined pursuant to the FCRA) to conduct background checks on prospective employees.

31. Defendant relies on information in consumer reports to make decisions regarding prospective or current employees.

32. Defendant relies on information in a consumer report, in whole or in part, as a basis for adverse employment action; such as a refusal to hire.

33. Defendant did not provide Plaintiff with a clear and conspicuous disclosure in writing in a document that consisted solely of the disclosure that a consumer report may be obtained for employment purposes.

34. Defendant's repeated procurement of consumer reports without proper consent or notification constitutes a willful violation of the FCRA.

35. Defendant's violations of the FCRA combined with its knowledge of the requirements of the FCRA is evidence that the Defendant's violations were willful.

36. As a result of Defendant's conduct, Plaintiff suffered damages.

Electronically Filed - Jackson - Kansas City - August 10, 2018 - 02:08 PM

**Class Action Allegations**

37. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

38. Plaintiff asserts the following proposed class defined as follows: All employees or prospective employees of Defendant in the United States who were subject of a consumer report that was sought by the Defendant on or after August 8, 2013 and who executed the Defendant's standard online application.

**Numerosity**

39. The proposed class is so numerous that joinder of all class members is impracticable. Defendant operates a national truck rental company and regularly obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees. Said consumer reports are obtained using an invalid disclosure and Defendant relies on the information contained in said consumer reports, in whole or in part, as a basis for adverse employment action. Given the number of employees working for the Defendant, Plaintiff believes that during the relevant time period, thousands of Defendant's employees and prospective employees would fall within the definition of the class.

**Common Questions of Law and Fact**

40. Virtually all of the issues of law and fact in this class action or, to the class predominate over any questions affecting individual class members. Among the questions of law and facts common to the class are:

   a. Whether Defendant uses consumer report information to conduct background checks on employees and prospective employees;

Electronically Filed - Jackson - Kansas City - August 10, 2018 - 02:08 PM

b. Whether the Defendant fails to make a proper disclosure to employees and/or prospective employees that a consumer report may be obtained for employment purposes that consists solely of the disclosure;

c. Whether the Defendant violated the FCRA by procuring consumer reports with an invalid or no authorization;

d. Whether Defendant violated the FCRA by procuring consumer reports without proper statutory notice;

e. Whether Defendant violated the FCRA and the rights of Plaintiff and other members of the proposed class;

f. Whether Defendant's violations of the FCRA were willful;

g. The proper measure of statutory damages and punitive damages.

**Typicality**

41. Plaintiff's claims are typical of the members of the proposed class.

42. Defendant typically uses consumer reports to conduct background checks on prospective employees.

43. Defendant typically uses the results of consumer reports to take adverse employment actions against prospective employees.

44. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members and Defendant treated Plaintiff consistent with other proposed class members in accordance with its standard policies and practices.

**Adequacy of Representation**

45. Plaintiff, as representative of the class, will fairly and adequately protect the interests of the class and has no interests that conflict with or are antagonistic to the interests of the class members.

46. Plaintiff has retained attorneys competent and experienced in class action litigation.

47. No conflict exists between Plaintiff and members of the class.

48. Plaintiff is aware of his responsibilities to the members of the putative class and has accepted such responsibilities.

**Superiority**

49. A class action is superior to any other available method for the fair and efficient adjudication this controversy, and common questions of law and fact overwhelmingly predominate over individual questions that may arise.

50. This case is maintainable as a class action under Rule 52 of the Missouri Rules of Civil Procedure because prosecution of actions by or against individual members of the putative class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual class member's claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such action, impending their ability to protect their interests.

51. This case in maintainable as a class action under Rule 52 of the Missouri Rules of Civil Procedure because Defendant has acted or refused to act on grounds that apply generally to the class, so that any final relief is appropriate respecting the class as a whole.

52. Class certification is also appropriate under Rule 52 of the Missouri Rules of Civil Procedure because questions of law and fact common to the putative class predominate over any questions affecting only individual members of the putative class, and because a

Electronically Filed - Jackson - Kansas City - August 10, 2018 - 02:08 PM

class action is superior to other methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the putative class do not have an interest in pursuing separate actions against the Defendant, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution. Also, class certification will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interest of justice and judicial efficiency, it would be desirable to concentrate the litigation of all putative class members' claims in a single forum.

53. Plaintiff intends to send notice to all members of the putative class to the extent required by Rule 52 of the Missouri Rules of Civil Procedure. The names and addresses of the potential class members are available from Defendant's records.

<u>**Count I**</u>
<u>**Violation of FCRA 15 U.S.C. §1681b(b)(2)(A)(ii)—**</u>
<u>**Failure to Make Proper Disclosure**</u>

54. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

55. Defendant violated the FCRA by failing to provide Plaintiff, and on information and belief, other members of the adverse action class, with sufficient notice that a consumer report would be conducted pursuant to 15 U.S.C. § 1681b(b)(2).

56. Defendant relied on information in consumer reports, in whole or in part, as a basis for refusing to hire prospective employees.

57. The foregoing violations were willful.

58. Plaintiff and the Putative Class members are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

59. Plaintiff and Putative Class members are also entitled to punitive damages for these violations pursuant to 15 U.S.C. §1681n(a)(2).

60. Plaintiff and the Putative Class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(1)(3).

**<u>Demand for Jury Trial and Designation of Place of Trial</u>**

Plaintiff requests a trial by jury in Jackson County, Kansas City, Missouri on all counts and allegations of wrongful conduct alleged in this Petition.

Respectfully Submitted,

CORNERSTONE LAW FIRM

By: <u>/s/ Marc N. Middleton</u>
   Marc N. Middleton Mo. Bar #60002
   m.middleton@cornerstonefirm.com
   Megan L. Stiles  Mo. Bar #69202
   m.stiles@cornerstonefirm.com
   830 N. St. Clair Ave. Ste 225
   Kansas City, Missouri 64151
   Telephone   (816) 581-4040
   Facsimile   (816) 741-8889
   ATTORNEYS FOR PLAINTIFF

Electronically Filed - Jackson - Kansas City - August 10, 2018 - 02:08 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY
AT KANSAS CITY**

| | | |
|---|---|---|
| **JAMES LOVVORN,** | ) | |
| On behalf of himself and all others | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: _____ |
| | ) | |
| v. | ) | |
| | ) | |
| **RYDER INTEGRATED LOGISTICS,** | ) | |
| **INC.** | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION FOR APPROVAL AND APPOINTMENT OF PRIVATE PROCESS SERVER

COMES NOW Plaintiff, by and through his attorney of record, and for his Motion for Approval/Appoint of Private Process Server, and requests that D&B Legal Services, Inc.: Legal Names (s): who are qualified persons to serve process, are not parties and are not less than eighteen (18) years of age, as private process servers in the above cause to serve process in this case.

| | | |
|---|---|---|
| Jamie Andrews PPS18-0073 | Natalie Hawks PPS18-0080 | Robert O'Sullivan PPS18-0091 |
| Larry Beerbower, JR PPS18-0644 | Wendy Hilgenberg PPS18-0081 | Jesse Pantaleo PPS18-0037 |
| Bernard Beletsky PPS18-0001 | James Hise PPS18-0017 | Carol Perry PPS18-0038 |
| Debra Beverlin PPS18-0002 | Richard Hopson PPS18-0018 | Charles Perry PPS18-0039 |
| Gary Beverlin PPS18-0003 | Thomas Ilgenfritz PPS18-0020 | Robert Peters PPS18-0150 |
| T. Eddie Bogue PPS18-0004 | Jessica Jenkins PPS18-0021 | Dee Powell PPS18-0042 |
| Angelo Borchers PPS180645 | Betty Johnson PPS18-0022 | William Powell PPS18-0043 |
| Scott Brady PPS18-0005 | Darrell Johnson PPS18-0082 | Kim Presler PPS18-0044 |
| Jeffrey Brown PPS18-0006 | Edward Johnson PPS18-0023 | Marcus Presler PPS18-0092 |
| Hester Bryant PPS18-0074 | James Johnson PPS18-0024 | Richard Raymond PPS18-0045 |
| Corinna Celoso PPS18-0075 | Mike Johnson PPS18-0333 | Kim Rice PPS18-0046 |
| Carrol Christian PPS18-0109 | Patrick Jones PPS18-0025 | Marybeth Rice PPS18-0047 |
| Michael Conklin PPS18-0111 | Brent Kirkhart PPS18-0026 | Jorge Rivera PPS18-0651 |
| Aaron Craig PPS18-0668 | Janice Kirkhart PPS18-0027 | Sammie Robinson PPS18-0096 |
| Ryan Crandall PPS18-0008 | Tyler Kirkhart PPS18-0649 | Edna Russell PPS18-0050 |
| Jennifer Dale PPS18-0009 | Richard Langdon PPS18-0028 | Brenda Schiwitz PPS18-0051 |
| Norman Diggs PPS18-0114 | John Logan PPS18-0029 | Michael Siegel PPS18-0097 |
| Tonya Elkins PPS18-0076 | Daniel Maglothin PPS18-0084 | Joe Sherrod PPS18-0162 |
| Michael Felton PPS18-0078 | Deborah Martin PPS18-0031 | Laura Skinner PPS18-0052 |
| Cassie Felton PPS18-0077 | Michael Martin PPS18-0032 | Thomas Skinner PPS18-0053 |
| William Ferrell PPS18-0010 | Kenneth Marshall PPS18-0618 | Ronald Slingerland PPS18-0054 |
| Rhonda Fletcher PPS18-0079 | Casey McKee PPS18-0085 | Randy Stone PPS18-0163 |
| Edward Forman PPS18-0119 | Austin McVay PPS18-0086 | Darren Thebeau PPS18-0056 |
| Kenneth Fountain PPS18-0646 | Patricia Medley PPS18-0033 | Eelinh Torell PPS18-0167 |
| Jim Frago PPS18-0011 | James Morrison PPS18-0641 | Lucas Traugott PPS18-0168 |
| Lisa Gallinger PPS18-0012 | Jason Moody PPS18-0620 | Ryan Weekley PPS18-0057 |
| Andrew Garza PPS18-0013 | James Myers PPS18-0089 | Andrew Wheeler PPS18-0058 |
| James Hannah PPS18-0014 | Andrew Myers PPS18-0087 | Jerry Whitworth PPS18-0634 |
| Rufus Harmon PPS18-0015 | Stephanie Myers PPS18-0090 | Shannon Whitworth PPS18-0635 |
| Douglas Hays PPS18-0122 | Frederick Myers PPS18-0088 | Andrew Wickliffe PPS18-0059 |
| Jeff Henderson PPS18-0123 | Jeremy Nicholas PPS18-0146 | Norman Wiley PPS18-0060 |
| Sharon Hendrickson PPS18-0016 | Michael Noble PPS18-0286 | Debra Woodhouse PPS18-0098 |

Respectfully Submitted,

CORNERSTONE LAW FIRM

By:       /s/ Marc N. Middleton

Marc N. Middleton     MO 60002
m.middleton@cornerstonefirm.com
8350 North St. Clair Avenue, Suite 225
Kansas City, Missouri 64151
Telephone          (816) 581-4040
Facsimile          (816) 741-8889
**ATTORNEY FOR PLAINTIFF**

## **ORDER**

It is hereby ordered that the Plaintiff's Motion for Approval and Appointment of private process server is granted and the above-named individuals are hereby approved and appointed to serve process in the above-captioned matter.

Date: _____     _____

                                     Judge or Clerk

**1816-CV20887**

## IN THE CIRCUIT COURT OF JACKSON COUNTY
## AT KANSAS CITY

| | | |
|---|---|---|
| **JAMES LOVVORN,** | ) | |
| On behalf of himself and all others | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: _____ |
| | ) | |
| v. | ) | |
| | ) | |
| **RYDER INTEGRATED LOGISTICS,** | ) | |
| **INC.** | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S LEAD ATTORNEY OF RECORD

**COMES NOW** the Plaintiff, by and through his attorney of record, Marc N.

Middleton, states the following:

1. The Lead Attorney of Record in the aforementioned case is:

Marc N. Middleton      MO BAR 60002
m.middleton@cornerstonefirm.com
8350 N. St. Clair Ave., Ste. 225
Kansas City, Missouri 64151
Telephone      (816) 581-4040
Facsimile      (816) 741-8889

Respectfully Submitted,

CORNERSTONE LAW FIRM

/s/ Marc N. Middleton
Marc N. Middleton     MO BAR 60002
m.middleton@cornerstonefirm.com
8350 N. St. Clair Ave., Ste. 225
Kansas City, Missouri 64151
Telephone      (816) 581-4040
Facsimile      (816) 741-8889
**ATTORNEY FOR PLAINTIFF**

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

JAMES LOVVORN,

                **PLAINTIFF(S),**            **CASE NO.** 1816-CV20887

**VS.**                                     **DIVISION 15**

RYDER INTEGRATED LOGISTICS, INC.,

                **DEFENDANT(S).**

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
## AND ORDER FOR MEDIATION
_____

       NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable JALILAH OTTO on 03-DEC-2018 in DIVISION 15 at 09:00 AM. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

       A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

       At the Case Management Conference, counsel should be prepared to address at least the following:

     a.      A trial setting;

     b.      Expert Witness Disclosure Cutoff Date;

     c.      A schedule for the orderly preparation of the case for trial;

     d.      Any issues which require input or action by the Court;

     e.      The status of settlement negotiations.

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court.  Each party shall personally appear at the mediation and participate in the process.  In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case.  If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.


**/S/ JALILAH   OTTO**
JALILAH   OTTO**, Circuit Judge**


## Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition.  It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
MARC NELSON MIDDLETON, 8350 NORTH ST CLAIR AVENUE, SUITE 225, KANSAS CITY, MO 64151

Defendant(s):
RYDER INTEGRATED LOGISTICS, INC.

Dated:  16-AUG-2018                           MARY A. MARQUEZ
                                              Court Administrator

Electronically Filed - Jackson - Kansas City - August 10, 2018 - 02:08 PM

# IN THE CIRCUIT COURT OF JACKSON COUNTY
## AT KANSAS CITY

| | | |
|---|---|---|
| **JAMES LOVVORN,** | ) | |
| On behalf of himself and all others | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: _____ |
| | ) | |
| v. | ) | |
| | ) | |
| **RYDER INTEGRATED LOGISTICS,** | ) | |
| **INC.** | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION FOR APPROVAL AND APPOINTMENT OF PRIVATE PROCESS SERVER

COMES NOW Plaintiff, by and through his attorney of record, and for his Motion for Approval/Appoint of Private Process Server, and requests that D&B Legal Services, Inc.: Legal Names (s): who are qualified persons to serve process, are not parties and are not less than eighteen (18) years of age, as private process servers in the above cause to serve process in this case.

| | | |
|---|---|---|
| Jamie Andrews PPS18-0073 | Natalie Hawks PPS18-0080 | Robert O'Sullivan PPS18-0091 |
| Larry Beerbower, JR PPS18-0644 | Wendy Hilgenberg PPS18-0081 | Jesse Pantaleo PPS18-0037 |
| Bernard Beletsky PPS18-0001 | James Hise PPS18-0017 | Carol Perry PPS18-0038 |
| Debra Beverlin PPS18-0002 | Richard Hopson PPS18-0018 | Charles Perry PPS18-0039 |
| Gary Beverlin PPS18-0003 | Thomas Ilgenfritz PPS18-0020 | Robert Peters PPS18-0150 |
| T. Eddie Bogue PPS18-0004 | Jessica Jenkins PPS18-0021 | Dee Powell PPS18-0042 |
| Angelo Borchers PPS180645 | Betty Johnson PPS18-0022 | William Powell PPS18-0043 |
| Scott Brady PPS18-0005 | Darrell Johnson PPS18-0082 | Kim Presler PPS18-0044 |
| Jeffrey Brown PPS18-0006 | Edward Johnson PPS18-0023 | Marcus Presler PPS18-0092 |
| Hester Bryant PPS18-0074 | James Johnson PPS18-0024 | Richard Raymond PPS18-0045 |
| Corinna Celoso PPS18-0075 | Mike Johnson PPS18-0333 | Kim Rice PPS18-0046 |
| Carrol Christian PPS18-0109 | Patrick Jones PPS18-0025 | Marybeth Rice PPS18-0047 |
| Michael Conklin PPS18-0111 | Brent Kirkhart PPS18-0026 | Jorge Rivera PPS18-0651 |
| Aaron Craig PPS18-0668 | Janice Kirkhart PPS18-0027 | Sammie Robinson PPS18-0096 |
| Ryan Crandall PPS18-0008 | Tyler Kirkhart PPS18-0649 | Edna Russell PPS18-0050 |
| Jennifer Dale PPS18-0009 | Richard Langdon PPS18-0028 | Brenda Schiwitz PPS18-0051 |
| Norman Diggs PPS18-0114 | John Logan PPS18-0029 | Michael Siegel PPS18-0097 |
| Tonya Elkins PPS18-0076 | Daniel Maglothin PPS18-0084 | Joe Sherrod PPS18-0162 |
| Michael Felton PPS18-0078 | Deborah Martin PPS18-0031 | Laura Skinner PPS18-0052 |
| Cassie Felton PPS18-0077 | Michael Martin PPS18-0032 | Thomas Skinner PPS18-0053 |
| William Ferrell PPS18-0010 | Kenneth Marshall PPS18-0618 | Ronald Slingerland PPS18-0054 |
| Rhonda Fletcher PPS18-0079 | Casey McKee PPS18-0085 | Randy Stone PPS18-0163 |
| Edward Forman PPS18-0119 | Austin McVay PPS18-0086 | Darren Thebeau PPS18-0056 |
| Kenneth Fountain PPS18-0646 | Patricia Medley PPS18-0033 | Eelinh Torell PPS18-0167 |
| Jim Frago PPS18-0011 | James Morrison PPS18-0641 | Lucas Traugott PPS18-0168 |
| Lisa Gallinger PPS18-0012 | Jason Moody PPS18-0620 | Ryan Weekley PPS18-0057 |
| Andrew Garza PPS18-0013 | James Myers PPS18-0089 | Andrew Wheeler PPS18-0058 |
| James Hannah PPS18-0014 | Andrew Myers PPS18-0087 | Jerry Whitworth PPS18-0634 |
| Rufus Harmon PPS18-0015 | Stephanie Myers PPS18-0090 | Shannon Whitworth PPS18-0635 |
| Douglas Hays PPS18-0122 | Frederick Myers PPS18-0088 | Andrew Wickliffe PPS18-0059 |
| Jeff Henderson PPS18-0123 | Jeremy Nicholas PPS18-0146 | Norman Wiley PPS18-0060 |
| Sharon Hendrickson PPS18-0016 | Michael Noble PPS18-0286 | Debra Woodhouse PPS18-0098 |

Respectfully Submitted,

CORNERSTONE LAW FIRM

By: _____/s/ Marc N. Middleton_____
Marc N. Middleton     MO 60002
m.middleton@cornerstonefirm.com
8350 North St. Clair Avenue, Suite 225
Kansas City, Missouri 64151
Telephone          (816) 581-4040
Facsimile          (816) 741-8889
**ATTORNEY FOR PLAINTIFF**

## ORDER

It is hereby ordered that the Plaintiff's Motion for Approval and Appointment of private process server is granted and the above-named individuals are hereby approved and appointed to serve process in the above-captioned matter.

Date: _____16-Aug-2018_____          _____

Deputy Court Administrator



IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>JALILAH OTTO | Case Number: 1816-CV20887 |
|---|---|
| Plaintiff/Petitioner:<br>JAMES LOVVORN | Plaintiff's/Petitioner's Attorney/Address<br>MARC NELSON MIDDLETON<br>8350 NORTH ST CLAIR AVENUE<br>SUITE 225 |
| vs. | KANSAS CITY, MO 64151 |
| Defendant/Respondent:<br>RYDER INTEGRATED LOGISTICS, INC. | Court Address:<br>415 E 12th |
| Nature of Suit:<br>CC Other Tort | KANSAS CITY, MO 64106 |
| | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** RYDER INTEGRATED LOGISTICS, INC.
**Alias:**

12747 OLIVE BLVD. #300
ST. LOUIS, MO 63141

# PRIVATE PROCESS SERVER

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

16-AUG-2018
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
Date          Notary Public

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) For Court Use Only: Document Id # 18-SMCC-8272    1  of  1  Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:18-cv-00732-RK    Document 1-2    Filed 09/14/18    Page 18 of 22

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

Revised 7/3/13                Service Information - Attorney

**IN THE CIRCUIT COURT OF JACKSON COUNTY
AT KANSAS CITY**

| | | |
|---|---|---|
| **JAMES LOVVORN,** | ) | |
| On behalf of himself and all others | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 1816-CV20887 |
| | ) | |
| v. | ) | |
| | ) | |
| **RYDER INTEGRATED LOGISTICS,** | ) | |
| **INC.** | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY OF APPEARANCE**

COMES NOW, Megan L. Stiles, of Cornerstone Law Firm, and hereby enters her

appearance as additional counsel for the Plaintiff.

Respectfully Submitted,

**CORNERSTONE LAW FIRM**

By:   /s/ Megan L. Stiles
Marc N. Middleton      MO BAR 60002
m.middleton@cornerstonefirm.com
Megan L. Stiles        MO BAR 69202
m.stiles@cornerstonefirm.com
8350 N. St. Clair Ave. Suite 225
Kansas City, Missouri 64151
Telephone         (816) 581-4040
Facsimile         (816) 741-8889
ATTORNEYS FOR PLAINTIFF



*272365*

Electronically Filed - Jackson - Kansas City - August 30, 2018 - 01:57 PM

**Circuit Court of Jackson County, Missouri**
Docket number 1816-CV20887

**James Lovvorn**

AFFIDAVIT OF SERVICE

Plaintiff,
vs.

**Ryder Integrated Logistics Inc,**

Defendant,
_____/

I, Richard A. Raymond affirm and depose that I am a Process Server 18 years of age or over who is not a party to the action.

I hereby certify and return that on 08/17/2018 at 12:13 PM, I served copies of the Summons and Petition - Circuit Personally upon **Ryder Integrated Logistics Inc** as articulated below.

By delivering a copy to **Alexandra Sanders** personally; **Office Manager** thereof, an authorized person to accept service of process.

Said service was effected at: **Corporate Creations Network, Inc. 12747 Olive Suite 300, St Louis , MO 63141.**

Deponent describes the individual served to the best of deponent's ability at the time and circumstances of service as follows:

Sex: **Female** Race: **White** Hair: **Brown & Blonde** Height: **5'6"** Weight: **170-179** Place: **POE** Extras: **Glasses**

I certify that the foregoing statements made by me are true, correct and my free act and deed.

Richard A. Raymond

The foregoing affidavit sworn and subscribed before me today, August 20, 2018

Marybeth Rice

MARYBETH RICE
Notary Public - Notary Seal
STATE OF MISSOURI
St. Louis City
My Commission Expires: Mar. 31, 2019
Commission # 15634446

Electronically Filed - Jackson - Kansas City - August 30, 2018 - 01:57 PM



IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>JALILAH OTTO | Case Number: 1816-CV20887 |
|---|---|
| Plaintiff/Petitioner:<br>JAMES LOVVORN | Plaintiff's/Petitioner's Attorney/Address<br>MARC NELSON MIDDLETON<br>8350 NORTH ST CLAIR AVENUE<br>SUITE 225<br>KANSAS CITY, MO 64151 |
| vs. | |
| Defendant/Respondent:<br>RYDER INTEGRATED LOGISTICS, INC. | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: RYDER INTEGRATED LOGISTICS, INC.
Alias:

12747 OLIVE BLVD. #300
ST. LOUIS, MO 63141

# PRIVATE PROCESS SERVER

COURT SEAL OF

*CIRCUIT COURT OF MISSOURI*

JACKSON COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

16-AUG-2018
Date

_____ Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
☐ other _____ (address)

Served at _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).
in _____

_____
Signature of Sheriff or Server

_____
Printed Name of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____
Date

_____
Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| Total | $ _____ |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) For Court Use Only: Document Id # 18-SMCC-8372   1 of  1Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo