# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| JAMES LOVVORN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-00732-CV-RK |
| | ) |
| RYDER INTEGRATED LOGISTICS, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's Motion to Amend the Scheduling Order to Extend Pre-Certification Discovery. (Doc. 19.) The motion is fully briefed. (Docs. 20, 23, 24.) After careful consideration and for good cause shown, the motion is **GRANTED**.

This is a class action lawsuit brought under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq*. Plaintiff, on behalf of himself and all others similarly situated, initiated this lawsuit on August 10, 2018. The initial lawsuit alleged one cause of action on behalf of one class of plaintiffs. On November 2, 2018, the Court established a partial scheduling order for this case (Doc. 11), which set the deadline for completion of pre-certification discovery for March 15, 2019. Because of the nature of the case, most of the case deadlines are to be determined once the Court issues a ruling on any Motion for Class Certification.

Pursuant to Local Rule 16.3(b), the Court may modify scheduling deadlines only upon a showing of good cause, and only if there has been active discovery or otherwise disabling circumstances. The moving party must demonstrate a specific need for the requested extension. The primary consideration in determining "good cause" is the moving party's diligence in attempting to meet the scheduling order's requirements. *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001).

Plaintiff argues the Scheduling Order (Doc. 11) should be modified because Plaintiff's Amended Complaint (Doc. 18) has the effect of expanding the scope of precertification discovery in a substantial manner. Specifically, Plaintiff argues Defendant's initial discovery

responses materially altered the course of this litigation because Plaintiff discovered additional causes of action of which he was initially unaware.  Therefore, Plaintiff argues there is a specific need for an extension of the precertification discovery deadline so that Plaintiff may request and receive information that was not otherwise discoverable prior to the filing of the Amended Complaint (Doc. 18).  Defendant argues good cause to amend does not exist because Plaintiff has engaged in unnecessary tactics to delay discovery and the inclusion of additional counts in the Amended Compliant is not a sufficient excuse to justify an extension of discovery.

After careful consideration, the Court finds good causes exists to extend the Scheduling Order.  Accordingly, the Motion to Amend the Scheduling Order (Doc. 19) is **GRANTED**, and the Court will modify the scheduling order to reflect the following deadlines:

(1) Pre-Certification Discovery Deadline: May 20, 2019;

(2) Deadline for Motion for Class Certification: June 17, 2019;

(3) Deadline for Suggestions in Opposition for Class Certification: July 15, 2019.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  March 25, 2019